UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| VIDYA SAGAR FRANCIS, an individual, and VANITHA FRANCIS, an individual, ) ) ) | |
| Plaintiffs, ) ) | 02:06-CV-01462-LRH (RJJ) |
| vs. ) ) | ORDER |
| ALLSTATE INSURANCE COMPANY, a corporation, and DOE defendants 1 through 10, inclusive, ) ) ) ) | |
| Defendants. ) ) | |

Presently before this court is Plaintiffs Vidya and Vanitha Francis' motion to remand (#6[1]). Defendant, Allstate Insurance Company, has filed an opposition (#11), to which Plaintiffs have replied (#12).

**FACTS AND PROCEDURAL HISTORY**

This lawsuit arises out of an insurance policy purchased from Defendant by Plaintiffs. When Plaintiffs' home was flooded they submitted their claims to Defendant. Defendant, allegedly chose to have Plaintiffs' home repaired, rather than demolished, and incurred expenses in excess of $75,000 as a result. Defendant later determined that the best course of action was to demolish the home and deducted the previously incurred repair costs from the benefits payable for the loss of the house. Plaintiffs contend they are entitled to the funds expended in repairing their home, as well as other damages.

Plaintiff filed suit in District Court of the State of Nevada in and for the County of Clark

---

[1] References to (#XX) refer to the court's docket.

1  alleging state law claims for breach of contract, tortious breach of the implied covenent of good
2  faith and fair dealing, unfair claims settlement practices in violation of Nevada Revised Statute
3  686A.310, breach of fiduciary duty, and declaratory relief.  Defendants removed the case to
4  federal court, claiming diversity jurisdiction.  Upon removal, Plaintiff filed the pending motion to
5  remand alleging that the court should abstain from exercising jurisdiction.

## LEGAL STANDARD FOR MOTION TO REMAND

7  "[A]ny civil action brought in a State court of which the district courts of the United
8  States have original jurisdiction, may be removed by the defendant. . .to the district court of the
9  United States for any district. . .where such action is pending." 28 U.S.C. § 1441(a).  The district
10 courts of the United States have original jurisdiction when the parties are of diverse citizenship
11 and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  28 U.S.C. §
12 1332(a).

13  In determining whether diversity jurisdiction exists, the district court must consider
14 whether it is apparent from the face of the complaint that the amount in controversy requirement
15 is met.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  If the
16 complaint fails to specify damages, or specifies damages in an amount less than the jurisdictional
17 minimum, the defendant must show, by a preponderance of the evidence, that the amount
18 involved in the litigation exceeds the statutory jurisdictional threshold.  *Sanchez v. Monumental
19 Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *McCaa v. Mass. Mutual Life Ins. Co.*, 330
20 F.Supp.2d 1143, 1146 (D. Nev. 2004).  "Under this burden, the defendant must provide evidence
21 establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."
22 *Id*. at 404.  Consequently, "jurisdiction may [not] be maintained by mere averment." *McNutt v.
23 Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Sanchez*, 102 F.3d at 403.

24  "An action may be remanded to state court for lack of subject matter jurisdiction or for
25 any defect in the removal procedure.  28 U.S.C. § 1447(c).  The proper procedure for challenging
26 a removal is a motion to remand."  *McCaa*, 330 F.Supp.2d at 1146.  The removing defendant
27 faces a strong presumption against removal and bears the burden of establishing, by a
28 preponderance of the evidence, that removal was proper.  *Sanchez*, 102 F.3d at 403-404; *Gaus v.*

*Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Finally, the removal statutes are construed restrictively. Any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

**DISCUSSION**

The parties agree that diversity between the parties exists in this matter and that the amount in controversy exceeds $75,000. *See* Pls.' Reply to Def.'s Opp'n to Pls.' Mot. To Remand at 2 ("ALLSTATE largely addresses issues that are undisputed; to wit, whether diversity of jurisdiction [sic] exists.").[2] However, despite this agreement, Plaintiffs request the court abstain from exercising its jurisdiction over this matter under *Huth v. Hartford Insurance Company of the Midwest*, 298 F.3d 800 (9th Cir. 2002).

The court finds Plaintiffs' reliance on *Huth* misplaced. While *Huth*, and *Diamond State Insurance Company v. Fame Operating Company, Inc.*, 917 F.Supp. 736 (D.Nev. 1996), relied on by Plaintiffs, stand for the proposition that the court may decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, when issues of insurance coverage are litigated, both cases are distinguishable on a dispositive ground. *Huth* and *Diamond State* were litigated before the federal courts solely to obtain a declaratory judgment regarding the interpretation of an insurance contract. *Huth*, 298 F.3d at 802; *Diamond State*, 917 F.Supp. at 737. Accordingly, the only basis for jurisdiction in those matters was the Declaratory Judgment Act.

In this case, the court has an independent basis for jurisdiction, specifically 28 U.S.C. § 1332. Save for a few, limited and inapplicable instances, the court does not have the discretion to remand claims appropriately brought under § 1332. Thus, while the court might have the authority to separate and remand the sole claim seeking declaratory judgment, such an action would not be prudent as it would create two separate actions which would both turn on the resolution of the same facts. As such, the court finds that remand is inappropriate in this

---

[2] The court also notes that Defendant has provided sufficient evidence to demonstrate that the amount in controversy exceeds $75,000 despite the recitation in the complaint that damages sought are "in excess of $10,000."

1  instance.

2  It is therefore ORDERED that Plaintiffs' motion to remand (#6) is DENIED.

3  DATED this 10th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE